766

Michael SOKOL, t/a Naval Research Laboratory Barber Shop, Appellant,

v.

Robert E. McLAUGHLIN, David B. Karrick, Alvin C. Welling, Clement F. Preller and Thomas W. Brahany, constituting the District Unemployment Compensation Board, Appellees.

No. 2257.

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 29, 1958.

Decided Jan. 19, 1959.

Rehearing Denied Feb. 2, 1959.

Jeremiah D. Griesemer, Temple Hills, Md., for appellant.

Joseph Notes, Louis Mackall, Jr., Washington, D. C., and Allen Weil for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellees brought this suit against appellant seeking contributions alleged to be owing the District of Columbia Unemployment Compensation Board. Appellant answered and counterclaimed for certain payments made under protest. The trial judge, sitting without a jury, entered judgment for appellees on both claims and this appeal followed.

The facts are these: Appellant operated a barber shop under a contract with the Naval Research Laboratory Recreation Club. Pursuant to its terms, he had complete responsibility for the employment, supervision and payment of the necessary assistants; he paid no rent or utilities, and the equipment, with the exception of barber tools and supplies, was furnished by the club. The club received ten percent of gross income; appellant retained the balance, out of which he paid his three assistants. It was established that appellant filed social security returns for his employees and withheld income taxes from their pay, and that he filed a self-employment tax return. It was conceded that a demand was made upon him for unpaid contributions to the Compensation Board, which demand was refused. At the conclusion of the evidence, the court found that appellant was an employer within the meaning of the Act.[1]

While several errors are alleged, appellant's main contention is that the trial court erred in finding him an independent employer. On the record we conclude that the trial court was correct.

Affirmed.

1. Code 1951, § 46–301 et seq.